**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ROBERT BANUSHI,

                      Plaintiff,                           **MEMORANDUM**
                                                               **AND ORDER**

      - against -

                                                          08-CV-2937 (KAM) (JO)

CITY OF NEW YORK, et al.,
                      Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        In a letter-motion dated August 6, 2009, the defendants in this civil rights action under 42 U.S.C. § 1983 have asked me to reconsider an order dated August 3, 2009, Docket Entry ("DE") 22, requiring them to reimburse the plaintiff's costs arising from a discovery dispute. DE 24 (the "Motion"). Because the Motion fails to satisfy the requirements for such relief, and because in any event I adhere to the view that the underlying ruling was appropriate, I now deny the motion.

I.     Background

        I assume the reader's familiarity with the allegations set forth in the Amended Complaint. *See* DE 11. Briefly stated, plaintiff Robert Banushi ("Banushi") claims that the defendants violated his civil rights when police officers, acting without probable cause, arrested him at a subway station in the early morning hours of December 14, 2007, and charged him with making unauthorized use of a discount subway fare card. *See id*. ¶¶ 1-2.

        I held an initial planning conference on October 8, 2008, and set a schedule contemplating the completion of all discovery by June 15, 2009. *See* DE 8 (minute entry); DE 9 (case management and scheduling order).[1] I later granted the parties' joint request to extend the

---

[1] As the record of that conference reflects, the parties' counsel had already by that time set out on an unfortunate course of petty disputes that have continued to plague this litigation. *See* DE 8 (noting that "the parties' attorneys have wholly failed to comply with Local Civil Rule 26.5" and

discovery deadline by 15 days, to June 30, 2009. *See* DE 16 (motion); Order dated May 20, 2009 (order). On the day before that extended deadline, I held an interim pretrial conference at which Banushi's counsel complained that the defendants had "failed to produce a video recording of relevant events at the police station where the plaintiff was taken following his arrest"[.]" DE 17 (minute entry). The defendants' counsel said nothing at the conference to dispel the assumption that any such video recording existed, but instead argued that the defendants had no obligation to produce it.

Banushi filed a motion to compel the defendants to produce the video recording the next day. DE 18. The defendants submitted a timely response on July 2, 2009, in which they objected to the motion on the merits but again did nothing to dispel the assumption that the recording at issue existed. See DE 19. After reading the papers, I entered the following brief order:

> The defendants' suggestion that the video recording at issue need not be produced because the discovery request upon which the plaintiff relies was not sufficiently specific is unpersuasive; a video recording of the plaintiff's interactions with the police processing his arrest at the precinct is plainly responsive to the plaintiff's request. Moreover, to the extent the defendants resist production on the ground that any statement made at the precinct "has absolutely no bearing on the issue of whether probable cause existed at the time of the arrest[,]" docket entry 19 at 2, their argument is patently wrong. As the defendants' counsel assuredly knows, a party is entitled to discovery of non-privileged information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A request for a recording of statements made at the police precinct while processing the plaintiff in the aftermath of his arrest unquestionably satisfies that liberal standard. I therefore grant the plaintiff's motion and direct the defendants to produce the video recording at issue no later than July 6, 2009.

Order dated July 2, 2009.

---

directing all counsel "to familiarize themselves with that rule and to comply with it for the remainder of these proceedings"); *see also* DE 15.

On July 14, 2009, Banushi filed a motion asking the court to stay all further proceedings until the defendants complied with my order granting the motion to compel. DE 21. In seeking such relief, Banushi submitted a copy of a letter by which that the defendants had informed him – on July 6, 2009, the last date for them to comply with my order – that "no video recordings exist for Transit District 33 station house [sic] on or about December 14, 2007." DE 21-1. Because it was obvious that the relief Banushi requested – a stay of the lawsuit pending the production of a recording that the defendants now claim never existed – would lead to an impasse, I gathered the parties for a further conference on August 3, 2009. At that conference, the defendants' counsel explained to my satisfaction why she believed that the video recording at issue did not exist – but did not explain to my satisfaction why she had not taken the trouble to discover that fact until after Banushi made, and I granted, the motion to compel. I therefore entered the following order:

> The defendants will reimburse the plaintiff his reasonable costs, including his attorney's fee, arising from the motion to compel a video recording (docket entry 18 ). The defendants' counsel opposed the motion on the merits rather than making a factual inquiry that would have revealed that the recording at issue had never existed and that the matter was therefore moot. The parties shall promptly confer as to the proper amount of costs to be reimbursed; if they are unable to agree, the plaintiff may make further application to obtain the amount he believes to be warranted.

DE 22 (minute entry).

On August 6, 2009, the defendants filed the instant motion for reconsideration. They argued that Banushi had not sufficiently alerted them to his request for a video recording at the police station prior to the conference on June 29, 2009; that they had a sufficient reason for resisting the request on the merits; and that the circumstances presented here – in particular, the assertion that "it is simply impossible for defendants' attorney to make an immediate

3

determination as to whether the subject of [a discovery] request exists every time a request is made" (Motion at 4) – render an award of expenses unjust.² Motion at 3-5. Banushi filed an opposition to the Motion on August 11, 2009. DE 26.

II.     Discussion

The standard for resolving a motion for reconsideration in this district is both familiar and exacting:

> A motion for reconsideration pursuant to Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision. *Pereira v. Aetna Casualty and Surety Co. (In re Payroll Express Corp.)*, 921 F. Supp. 1121, 1123 (S.D.N.Y. 1996); *Violette v. Armonk Assocs., L.P.*, 823 F. Supp. 224, 226 (S.D.N.Y. 1993). Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice. *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *Casino, LLC v. M/V Royal Empress*, No. 98-CV-2333, 1998 WL 566772, at *1 (E.D.N.Y. 1998). Additionally, reconsideration is appropriate where a court misinterprets or misapplies relevant case law in its original decision. *Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation*, No. 05-CV-5934, 2008 WL 942574, at *2 (E.D.N.Y. 2008); *O'Brien v. Board of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001).
>
> Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F. Supp. 747, 748 (S.D.N.Y. 1985). A Local Rule 6.3 motion is not to be used as a substitute for appeal from a final judgment. *See Morser v. A.T. & T. Information Systems*, 715 F. Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt*, 649 F. Supp. 1547, 1548 (S.D.N.Y. 1986). In its motion for reconsideration, a party "may not advance new facts, issues or arguments not previously presented to the court." *Lipton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 1989 WL 162315, at *3 (S.D.N.Y.1989).

*Ocello v. City of New York*, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008).

---

² I note that the costs imposed by my order of August 3, 2009 likely would have amounted to less than the costs of litigating the instant motion.

4

The defendants wholly fail to satisfy that standard, or even to acknowledge it. Indeed, after explicitly stating that they seek relief "[p]ursuant to Local Civil Rule 6.3[,]" Motion at 1, the defendants completely fail to identify "the matters or controlling decisions which [their] counsel believes the court has overlooked " Loc. Civ. R. 6.3. That failure alone is a sufficient reason to deny the motion, and I do so now on that basis.[3]

Even if the motion were not procedurally barred, I would deny it on substantive grounds. To the extent that the defendants assert that Banushi did not sufficiently request the video recording at issue prior to the conference on June 29, 2009, they rely impermissibly on an argument that they previously made and that I have already rejected. More substantively, the record clearly reflects that the defendants were notified of the plaintiff's request for such a video recording over seven months before the conference on June 29, 2009. Interrogatories 5 and 8 of the Plaintiff's First Set of Interrogatories plainly called for the defendants to provide information about any such video recording if it existed. Moreover, sub-part D of Interrogatory 5 explicitly asked the defendants to produce any document so identified without a motion to compel if the defendants were willing to do so. *See* DE 24-1 (copy of interrogatories dated November 12, 2008). At a minimum, the defendants' counsel should have inquired into the existence of the kind of video recording at issue here in preparing to respond to the plaintiff's interrogatories.

---

[3] Local Civil Rule 6.3 allows a party to seek reconsideration of matters that a judge overlooked in the first instance. If the defendants believed that I erred in resolving the merits based on the facts and arguments already before me, they could of course have sought to correct that error by lodging objections to my ruling with the district judge presiding over this matter. *See* Fed. R. Civ. P. 72(a). Having failed to do so within the ten-day period permitted under that rule, the defendants have let pass their opportunity to seek review of my original ruling of August 3, 2009. Notwithstanding that procedural lapse, the defendants are of course free to file objections addressed solely to the merits of my analysis of the motion for reconsideration.

Assuming the defendants' counsel had no reason to inquire into the existence of a video recording in preparing interrogatory responses, such an inquiry should in any event have occurred in response to the plaintiff's notice to take the deposition of the desk sergeant who was on duty when the plaintiff was brought to the police station following his arrest. The deposition notice plainly called for the production of all "documents ... containing information relating to the arrest and detention of plaintiff on December 14, 2007." DE 24-2 (copy of deposition notice dated May 28, 2009); *see also* Loc. Civ. R. 26.3(c)(2) (defining "document" for purposes of discovery requests "to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)"); Fed. R. Civ. P. 34(a).[4]

It is therefore simply incorrect to assert, as the defendants did in advance of the decision under review and as they do again now, that they had no reason to inquire into the existence of any such video prior to June 29, 2009. They should have made such an inquiry – and learned that no such video recording existed – in November 2008 and again in early June 2009. Had they made such an inquiry at either time, the plaintiff would have had no reason to incur the costs that I ordered reimbursed.

The defendants also seek reconsideration on the ground that they "reasonably took the position" that a video recording of the plaintiff at the police station after his arrest "would have no bearing on the issue of whether probable cause existed at the time of plaintiff's arrest," and that they therefore properly "objected to plaintiff's request as it was beyond the scope of Rule

---

[4] Rule 34(a) has been amended in recent years, and the reference in the Local Civil Rule to its "usage" has as a result been made somewhat opaque. Nevertheless, there can be no reasonable argument that a video recording falls outside the scope of the term "document" as used in the plaintiff's discovery request, and the defendants make no assertion to the contrary.

26." Motion at 4. Here again, the defendants add nothing to the arguments they have already litigated and lost, and here again they continue to be in the wrong. The essential flaw in the defendants' argument on this score is that a discovery request must somehow pass the relevance threshold that would warrant the admission of evidence at trial, *see* Fed. R. Evid. 401 & 402, in order for the party receiving the request to have an obligation to comply. As I pointed out the first time the defendants made such a specious argument during this litigation, "a party is entitled to discovery of non-privileged information that is 'reasonably calculated to lead to the discovery of admissible evidence.'" Order dated July 2, 2009 (quoting Fed. R. Civ. P. 26(b)(1)).

Worse, the defendants plainly distort the record in describing the point on which I disagreed with them, attempting to recast my reliance on the procedural standard of discoverability as a rejection of controlling substantive law. Specifically, the defendants write that "[a]lthough [I] disagreed with defendants' position, defendants reasonably relied upon Supreme Court and Second Circuit precedent in stating that probable cause is established at the time of arrest." Motion at 3. There is simply nothing in the record of this case to suggest that I thought otherwise, either in granting the motion to compel or in ordering the defendants to reimburse Banushi's motion costs.

Finally, to the extent that the defendants assert that an award of costs was unjustified under the circumstances, they again fail to raise any new fact or legal argument, and again rely on meritless arguments that I have already rejected. In particular, their argument in this regard rests on the factual premise that their counsel had no reason to investigate the existence of a video recording at the police station until the matter was discussed in open court on June 29, 2009. Based on that assumption, they contend that it would be unfair to impose motion costs upon them

because they could scarcely have been expected to learn the relevant facts about the video in the one day that elapsed between the conference and the filing of Banushi's motion to compel.

If the facts were as the defendants describe them, I would wholeheartedly agree – and I would never have ordered them to reimburse Banushi's costs in the first place. But as the record reflects, I considered the defendants' explanation, and the factual assumption on which it was based, before making my decision, and the defendants offer no new reason to believe it was incorrect. The record was and remains clear that the defendants had months to inquire into the existence of the video. Even if Banushi's counsel's failure to pursue the matter prior to June 29, 2009 warranted their failure to raise the matter on their own – and I can understand why the defendants' counsel would not want to discuss a matter that they believed to be irrelevant and that Banushi appeared to have forgotten – it did not excuse counsel's failure to have learned the truth when Banushi requested the video recording for the first (and the second) time.

III.    Conclusion

For all of the reasons set forth above, I deny the defendants' motion for reconsideration.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 25, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge