**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------X
ROBERT BANUSHI,

        Plaintiff,                  **MEMORANDUM & ORDER**

      -against-                  08-CV-2937(KAM)(JO)

POLICE OFFICER ALVIN L. PALMER
SHIELD NO. 04009 AND POLICE OFFICER
EQUASHIA ALLEN,

        Defendants.

---------------------------------X
**MATSUMOTO, United States District Judge**:

      Pending before the court are defendants Alvin L. Palmer's and Equashia Allen's ("defendants") motions *in limine*. By Memorandum and Order dated October 15, 2010, familiarly with which is presumed, the court granted in part and denied in part defendants' motion for summary judgment. *See Banushi v. City of New York,* No. 08-CV-2937, 2010 U.S. Dist. LEXIS 109903 (E.D.N.Y. Oct. 15, 2010). The court granted summary judgment dismissing all of plaintiff Robert Banushi's ("plaintiff") claims except his claims for false arrest, false imprisonment, assault, battery, and "intrusion of privacy." (*Id.*)

      Defendants now move *in limine* to preclude plaintiff from introducing certain evidence at trial. The court held a status conference on December 21, 2010 ("December 21 conference"), during which the parties agreed

1

to bifurcate the trial of liability and damages.  (*See* Minute Entry dated Dec. 21, 2010.)  At the conference, the parties resolved some of their disagreements; however, several evidentiary disputes remain outstanding.  For the reasons set forth below, defendants' motions *in limine* are granted in part and denied in part.

## **DISCUSSION**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).  "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence."  *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006) (citation omitted); *see* Fed. R. Evid. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .") Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics*, *Inc. v. Novatek Med., Inc*., No. 94-CV-5220,

2

1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998).  Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.  *See Nat'l Union*, 937 F. Supp. at 287.  Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected.]" *Luce*, 469 U.S. at 41.

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible.  Fed. R. Evid. 402.  Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses presented.

**I.   Defendants' Disciplinary History and Personnel Files**

Defendants move to preclude (1) "any disciplinary histories and/or civil rights actions" which have been filed against defendants or any other non-party police officers who may testify, and (2) defendants' "personnel files" on the grounds that they are not admissible under Fed. R. Evid. 404(b) and are more prejudicial than they are

3

probative.  (ECF No. 69, Defendants' Motions *in Limine* ("Defs. Mot.") at 2-3.)  In response, plaintiff argues that defendants' disciplinary records are admissible pursuant to Fed. R. Evid. 404(b) to show "pattern, intent, absence or mistake or accident" and further, because defendants' records directly relate to "whether defendants had probable cause for the arrest," the proposed evidence is more probative than prejudicial.  (ECF No. 70, Plaintiff's Response to Defendants' Motion *in Limine* ("Pl. Opp.") at 2.)  In the alternative, plaintiff argues that if the court precludes the evidence in plaintiff's case-in-chief, he should be permitted to introduce the evidence for impeachment purposes if defendants testify as to their records or character.  (*Id.* at 3.)  In reply, defendants note that plaintiff has failed to set forth "what conduct he seeks to introduce and how said conduct is sufficiently related to the conduct at issue."  (ECF No. 71, Defendants' Reply in Response to Plaintiff's Opposition to Defendants' Motions *In Limine* ("Defs. Reply") at 2.)  Further, defendants argue, plaintiff did not request defendants' disciplinary records or personnel files during discovery and therefore any basis for inquiring about these records is "purely speculative."  (*Id.* at 2-3.)

To establish that evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence, the court must first determine if the party seeking admission proffers the evidence for a purpose other than to show the character of a person in order to prove that he acted in conformity therewith.  Fed. R. Evid. 404(b); *see United States v. Benedetto*, 571 F.2d 1246, 1248 (2d Cir. 1978). When the party proffers the evidence to demonstrate a pattern of relevant conduct, the evidence must "share 'unusual characteristics' with the act charged or represent a 'unique scheme.'"  *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (quoting *Benedetto*, 571 F. 2d at 1249); *Ismail v. Cohen*, 706 F. Supp. 243, 252-53 (S.D.N.Y 1989) (stating "specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b) to prove . . . pattern of relevant conduct"), *aff'd*, 899 F.2d 183, 188-189 (2d Cir. 1990).  The proffering party must show more than the "'mere repeated commission of crimes of the same class, such as repeated burglaries or thefts.  The [proffered evidence of other misconduct] must be so unusual and distinctive as to be like a signature.'"  *Wallace v. Hano*, No. 90 Civ. 2064, 1992 U.S. Dist. LEXIS 13388, at *19 (S.D.N.Y. 1992) (quoting *Benedetto,* 571 F.2d at 1249).

Here, plaintiff provides no details to the court about the nature or content of the records at issue but nonetheless argues that the proposed evidence establishes a "pattern, intent, absence of mistake or accident." Indeed, there is nothing in the record to suggest that defendants even have disciplinary records. Even if they do, plaintiff failed to request the records during the discovery phase of this case. Given this lack of evidence, the court cannot conclude that the proposed evidence establishes a pattern admissible in evidence under an exception to Fed. R. Evid. 404(b), let alone that it establishes an "unusual," "unique" or signature-like pattern of conduct. *See Williams v. McCarthy,* No. 05 Civ. 10230, 2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007). Accordingly, the court finds that plaintiff is precluded from inquiring into the officers' disciplinary histories and the contents of their personnel files and grants the defendants' motion *in limine* as to these records.

**II. Plaintiff's Criminal History**

Defendants seek to cross-examine plaintiff regarding his "prior arrests and incarcerations, and present or past history of significant trauma" for the purpose of mitigating his claim for psychological damages. (ECF No. 69, Defs. Mot., at 4-6.) In response, plaintiff

6

agrees that "because . . . [plaintiff's] emotional distress is [a] question of fact for [the] jury, . . . defendants may inquire into his arrests" but plaintiff argues that defendants may not inquire as to the reasons for plaintiff's prior arrests. (ECF No. 70, Pl. Opp., at 3.)

The court finds that plaintiff's prior arrest and incarceration history are relevant to the jury's determination of damages under Fed. R. Evid. 402. Because a plaintiff "who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained," *see Wilson v. City of New York*, No. CV-06-229, 2006 U.S. Dist. LEXIS 90050, *1-2 (E.D.N.Y. Dec. 13, 2006), defendants may inquire into plaintiff's past arrests and incarcerations during the damages phase of the trial. Further, the probative value of this evidence is not substantially outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; *see also Picciano v. McLoughlin*, No. 5:07-CV-0781, 2010 U.S. Dist. LEXIS 114704, *7 (N.D.N.Y Oct. 28, 2010) ("[Plaintiff's subsequent arrests are probative of Plaintiff's claim for emotional damages, and the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,

or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Defendants may not, however, inquire into the reasons for plaintiff's prior arrests. *See Ramos v. County of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about her prior arrests but precluding defendant from "go[ing] into what the reason for the arrest is").

Accordingly, defendants' motion to cross-examine plaintiff regarding his prior arrests and incarcerations is granted in part and denied in part.

**III. Medical Testimony**

Defendants argue that Dr. Claudia Smuglin, Dr. Joseph Voight, and Social Worker Nixon Charles should be precluded from testifying. (ECF No. 69, Defs. Mot., at 6-8.) Specifically, defendants argue that testimony by Dr. Voight should be precluded because plaintiff has not produced any of his medical records, and testimony by Dr. Smuglin and Mr. Charles should be precluded because they cannot testify as experts and because any lay testimony they may offer will be duplicative of evidence already admissible through medical records. (ECF No. 69, Defs. Mot., at 6-7; ECF No. 71, Defs. Reply, at 4-5.) In response, plaintiff makes clear that he intends to

introduce these witnesses as treating physicians, and not as expert witnesses. (ECF No. 70, Pl. Opp., at 4.)

To the extent plaintiff intends to introduce medical testimony, it is admissible only during the damages phase of the trial. *See, e.g., Phillips v. City of New York*, No. 06-CV-3243, 2009 U.S. Dist. LEXIS 100716, *5-6 (E.D.N.Y. Oct. 28, 2009) (in a bifurcated trial on excessive force, assault and battery claims, testimony regarding plaintiff's emotional injuries was not permitted until damages phase because it was not relevant to liability). Because plaintiff identified and produced medical records from Dr. Smuglin and Mr. Charles during discovery, plaintiff may present their non-expert testimony during the damages phase of the trial. *Manganiello v. Agostini*, No. 07 Civ. 3644, 2008 U.S. Dist. LEXIS 99181, *35 (S.D.N.Y. Dec. 9, 2008) ("[T]reating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report."), *aff'd* 612 F.3d 149 (2d Cir. 2010). On the other hand, testimony by Dr. Voight is precluded because plaintiff did not identify or produce documents from Dr. Voight during the discovery phase of this case. *See, e.g., Gotlin v. Lederman*, No. 04 CV 3736, 2010 U.S.

Dist. LEXIS 43101, at *19 (E.D.N.Y. May 3, 2010) (granting motion to preclude testimony of a witness not identified until two years after discovery closed).

Accordingly, defendants' motion is granted in part and denied in part. Plaintiff is precluded from introducing records and testimony of Dr. Voight, but may introduce records and non-expert testimony by Dr. Smuglin and/or Mr. Charles.

**IV. Evidence regarding Indemnification**

Defendants argue that plaintiff should be precluded from offering any evidence that defense counsel are attorneys for the City of New York and that the city may indemnify the remaining defendants. (ECF No. 69, Defs. Mem., at 8-10.) Plaintiff conceded this point during the December 21 conference and in his opposition to the instant motion. (ECF No. 70, Pl. Opp., at 4.) Accordingly, this dispute is moot.

**V. Evidence of Subway Card Usage**

To the extent that plaintiff testifies on direct or cross examination that he did not use his wife's disability Metro card on December 14, 2007, defendants seek permission to introduce a certified record from the MTA which indicates that the disability card found in plaintiff's possession at the time of his arrest belonged

to his wife and was used at the Lorimer Subway Station on December 14, 2007, at approximately 4:18 p.m. (ECF No. 69, Defs. Mot., at 11.) In response, plaintiff appears to concede that this MTA record may be introduced to impeach testimony he gives on direct examination, but disputes that the record can be introduced to impeach testimony he gives on cross examination. (ECF No. 70, Pl. Opp., at 5.) Defendants respond that it is "illogical" for plaintiff to agree that the evidence from the MTA is admissible for the purposes of impeachment during direct examination, but not during cross examination. (ECF No. 71, Defs. Reply, at 6.) The court agrees that there is no legal basis for this distinction. Accordingly, in the event that plaintiff testifies either on direct or cross examination that he did not use his wife's disability Metro card on December 14, 2007, defendants may introduce the record to impeach plaintiff's testimony.

**VI. Intrusion of Privacy Claim**

Defendants argue that plaintiff's claim for "intrusion of privacy" should be dismissed for failure to state a claim upon which relief can be granted because it is "unclear on what legal basis" the claim is brought. (ECF No. 69, Defs. Mot., at 12-14.) In response, plaintiff agrees to dismiss this claim because "there is no common

law right for invasion of privacy (or loosely, intrusion of privacy) under New York law." (ECF No. 70, Pl. Opp., at 5.) Accordingly, plaintiff's claim for "intrusion of privacy" is dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants' motions *in limine* are granted in part and denied in part.

**SO ORDERED.**

Dated: January 4, 2011
      Brooklyn, New York

                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York